## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **FREE MARKET ENVIRONMENTAL LAW CLINIC** | ) | |
| **9033 Brook Ford Broad** | ) | |
| **Burke, VA 22015** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 17- 51** |
| | ) | |
| **UNITED STATES DEPARTMENT OF HEALTH** | ) | |
| **AND HUMAN SERVICES** | ) | |
| **200 Independence Avenue, S.W.** | ) | |
| **Washington, D.C. 20201** | ) | |
| | ) | |
| **Defendant.** | ) | |

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff FREE MARKET ENVIRONMENTAL LAW CLINIC ("FME Law") for its complaint

against Defendant UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES

("the Department" or "HHS"), alleges as follows:

1.   This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to

compel production of records in response to a FOIA request sent on August 8, 2016, to

the National Institute for Environmental Health Sciences ("NIEHS"), a component of

the Department of Health and Human Services, which improperly denied the request and

has subsequently failed to respond to an administrative appeal.

3.   In the request, plaintiff requested a fee waiver as provided by FOIA, due to the public

interest in the information the records address, and the requester's media and educational

status.

1

4.  HHS has denied the request improperly, claiming "no records" on the grounds that the records sought are not in fact agency records.

5.  Plaintiff properly followed the administrative process, to which defendant has never responded.

6.  Defendant further improperly denied plaintiff's request for a fee waiver, declared plaintiff a commercial requester, and attempted to obtain fees.

7.  Accordingly, plaintiff files this lawsuit to compel the Department to comply with the law and produce the properly described public records responsive to this FOIA request without fees.

### PARTIES

8.  Plaintiff Free Market Environmental Law Clinic ("FME Law") is a nonprofit research, public policy and public interest litigation center based in Virginia and dedicated to advancing responsible regulation and in particular economically sustainable environmental policy. FME Law's programs include research, publication and litigation and include a transparency initiative seeking public records relating to environmental and energy policy and how policymakers use public resources.

9.  Defendant HHS is a federal agency headquartered in Washington, DC with constituent agencies including the National Institutes of Health Sciences ("NIEHS").

### JURISDICTION AND VENUE

10. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this is brought in the District of Columbia, and because the defendant is headquartered in the District.

Furthermore, jurisdiction is proper under 28 U.S.C. § 1331, because the resolution of

disputes under FOIA presents a federal question.

11.  Venue in this court is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)

because FOIA grants the District Court of the District of Columbia jurisdiction, and

because defendant is a federal agency.

### FACTUAL BACKGROUND

12.  Public records identify NIEHS employee Dr. Gloria Jahnke as the agency's

representative to the International Agency for Research on Cancer ("IARC").  Dr.

Jahnke participates on IARC by IARC "Official Invitation" to NIEHS for "a

Representative [sic] of your agency".

13.  IARC records indicate that this reflects Dr. Jahnke's and/or NIEHS's self-identification

of Dr. Jahnke, by Declaration, as NIEHS's representative.

14.  In its August 8, 2016 FOIA request, plaintiff sought certain HHS public records held by

the NIEHS, or its employees related to the work done by Dr. Jahnke during the period

April 1, 2014 to March 30 2016 as a contributor to IARC and which contained certain

keywords.  Plaintiff also sought any records related to the appointment of Dr. Jahnke as

the agency's representative to IARC.

15.  The request included detailed explanation of why FME Law is entitled to a fee waiver,

and why the request was in the public interest.

16.  HHS, through NIEHS, acknowledged receipt of this request on August 15, 2016

assigning it request FOIA Case No. 45376, and stating "Because we are uncertain that

any applicable fees will exceed our minimum charge ($25.00), we are not dressing your request for a fee waiver at this time."

17. On August 18, 2016, HHS denied the request, stating that the records in question were not agency records, despite being the work of an agency employee and as stated above, on Agency-related business, on the basis they were not within the "control" of the agency.

18. However, HHS was invited to send an employee to participate in the work of IARC, and Dr. Jahnke was at all times an employee of HHS while working with IARC.

19. The August 18 letter informed plaintiff of its right to appeal. It also charged plaintiff $46 for the request, and labeled plaintiff a commercial requester. However, HHS made no mention of the fee waiver request, that is, did not address either of plaintiff's bases argued in the alternative (public interest, and media representative), did not provide any basis for denying the fee waiver, and did not state the reason plaintiff's it determined request to be commercial in nature.

20. On September 1, 2016 plaintiff filed an administrative appeal of the decision denying the underlying request and fee waiver, in accordance with Subpart C of the HHS FOIA Regulations as codified in 45 CFR 5.34.

21. Although defendant was required to respond to the administrative appeal within 20 days, to HHS has made date no response to the appeal.

## ARGUMENTS

22. Transparency in government is the subject of high-profile promises from the president and attorney general of the United States arguing forcefully against agencies failing to live up to their legal record-keeping and disclosure obligations.

23. Under the Freedom of Information Act, after an individual submits a request, an agency must determine within 20 working days after the receipt of any such request whether to comply with such request. 5 U.S.C.S. § 552(a)(6)(A)(i). Under *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 186 (D.C. Cir. 2013), that response must provide particularized assurance of the scope of potentially responsive records, including the scope of the records it plans to produce and the scope of documents that it plans to withhold under any FOIA exemptions. This 20-working-day time limit also applies to any appeal. § 552(a) (6)(A)(ii).

24. U.S. Code 5 U.S.C.S. § 552(a)(6)(A) proclaims that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. § 552(a)(6)(A)(ii)(II).  In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period.  HHS did not seek additional information from plaintiff regarding the request at issue in this suit.

25. In *Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011) this Court noted: "[The effect of] the 2007 Amendments was to impose consequences on agencies

that do not act in good faith or otherwise fail to comport with FOIA's requirements. See

S. Rep. No. 110-59.  To underscore Congress's belief in the importance of the statutory

time limit, the 2007 Amendments declare that '[a]n agency shall not assess search

fees… if the agency fails to comply with a*ny time limit'* of FOIA" (*emphasis added*).

26. Defendant HHS owes plaintiff records responsive to the request at issue in this suit,

subject to legitimate withholdings, which request reasonably described the information

sought and was otherwise filed in compliance with applicable law, has unlawfully

denied the request, unlawfully denied plaintiff's requests in the alternative for fee

waiver, and has failed to provide responsive records in violation of statutory deadlines.

27. HHS may not claim that work done by an employee of the agency, with a group which

receives agency funding, which work is related to the employee's agency employment

and in participation which was invited as a representative of the agency, is beyond the

control of the agency and beyond the reach of FOIA. Work held by a federal employee

done within the scope of their employment is within the control of the agency. *See*

*Competitive Enter. Inst. v Office of Sci. & Tech. Policy,,* 2016 U.S. App. Lexie 12357

(D.C. Cir. July 5, 2016).

28. HHS therefore cannot disclaim its obligation to undertake a proper search for responsive

records and to produce such records subject to appropriate and legitimate exemptions,

otherwise the underlying purpose Congress sought to further through FOIA would be

frustrated by the mere act of an agency's working with other organizations and/or an

employee not copying an agency's systems with correspondence or other records as

required.

29. Further, HHS may not ignore or decline to address fee waiver requests, nor may it fail to provide a legitimate basis for denying such requests or for classifying a request as commercial in nature.

## FIRST CLAIM FOR RELIEF
### Seeking Declaratory Judgment

30. Plaintiff re-alleges paragraphs 1-29 as if fully set out herein.

31. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business, because defendant has improperly denied the request and failed to substantively respond pursuant to *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).

32. Plaintiff asks this Court to enter a judgment declaring that:

   a.    HHS's correspondence as specifically described in plaintiff's FOIA request detailed, *supra*, is subject to release under FOIA;

   b.    The Department must release those requested records or segregable portions thereof subject to legitimate exemptions;

   c.    The Department may not assess or seek to collect costs and fees for the request at issue in this case, as plaintiff are entitled to a waiver of its fees.

## SECOND CLAIM FOR RELIEF
### Seeking Injunctive Relief

33. Plaintiff re-alleges paragraphs 1-32 as if fully set out herein.

34. Plaintiff is entitled to injunctive relief compelling defendant to produce all records in its possession responsive to plaintiffs FOIA request detailed, *supra*, without fees, subject to legitimate withholdings.

35.  Plaintiff asks the Court to order the defendant to produce to plaintiff, within 10 business days of the date of the order, the requested records described in plaintiff's FOIA request, subject to legitimate withholdings.

36.  Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after plaintiff receives the last of the produced documents, addressing defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with plaintiff's challenges to defendant's withholds and any other remaining issues.

### THIRD CLAIM FOR RELIEF
### Seeking Costs and Fees

37.  Plaintiff re-alleges paragraphs 1-36 as if fully set out herein.

38.  Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

39.  Plaintiff is statutorily entitled to recover fees and costs incurred as a result of defendant's refusal to fulfill the FOIA request at issue in this case.

40.  Plaintiff asks the Court to order the defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.


WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for its attorney fees and costs and such other and further relief as the Court shall deem proper.

Respectfully submitted this 11th day of January, 2017,

_____/s/_____
Chaim Mandelbaum,
D.D.C. Bar No. VA86199
726 N. Nelson St, Suite 9
Arlington, VA 22203
703-577-9973
chaim12@gmail.com

*Counsel for Plaintiff*